ROSA K. HIRJI, State Bar No. 204722
JENNY CHAU, State Bar No. 274360
**LAW OFFICES OF HIRJI & CHAU, LLP.**
rosa@rkhlawoffice.com
5173 Overland Avenue
Culver City, California 90230
(310) 391-0330 * (310) 943-0311 fax

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| PETER SILVA and JUDY MAGNUSON, and M.S., a minor by and through her Guardian ad Litem, PETER SILVA<br><br>Plaintiffs,<br><br>vs.<br><br>PALMDALE SCHOOL DISTRICT, a public entity; AMBER ALLINGTON, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: LA CV17-03138 JAK (AGRx)<br><br>Judge: John Kronstadt<br><br>**STIPULATION AND PROTECTIVE ORDER** |

Plaintiffs M.M.M.S. ("M.S."), a disabled child, her parents, PETER SILVA and JUDY MAGNSON, and Defendants PALMDALE SCHOOL DISTRICT and AMBER ALLINGTON, by and through their respective counsel of record, to facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate to and petition the Court to enter the following Stipulation and Protective Order.

The Parties agree that a protective order that meets the requirements of a "qualified protective order," as that term is defined by 45 C.F.R. §164.512(e)(l)(v), may be required for certain information and documents and agree to comply with the privacy requirements imposed by the Health Insurance Portability and Accountability Act of 1996 (45 C.F.R. Part 164), California Civil Code §§ 56 et seq., and the regulations promulgated under those laws. The Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below have the following meanings:

    a. "Proceeding" means this proceeding, *Silva et. al. vs. Palmdale Schl. Dist. et. al.,* Case No.: LA CV17-03138 JAK (AGRx).

    b. "Confidential" means any information in the possession of a Designating Party who believes in good faith that the information is entitled to confidential treatment under applicable law.

    c. "Confidential Materials" means any Documents, Testimony, or Information as defined below designated as "Confidential" under the provisions of this Stipulation and Protective Order.

    d. "Designating Party" means the Party that designates Documents, Information, or Testimony as "Confidential."

    e. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available materials, or any part of materials, or any information contained in materials.

    f. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, that have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of those items.

    g. "Information" means the content of Documents or Testimony.

    h. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

2. The Designating Party has the right to designate as "Confidential" any Documents, Testimony, or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law, including but not limited to Protected Health Information. The term "Protected Health Information" has the same scope and definition as set forth in the regulations issued by the United States Department of Health and Human Services pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1301, et seq., and includes, without limitation, all patient identifying information, patient medical information, and the other categories set forth in 45 C.F.R. § 164.514(b)(2)(ii).

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced unless otherwise stipulated. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing designated Confidential Material.

    b. For Testimony given in depositions the Designating Party may either:

    i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

ii. within 30 days following receipt of the deposition transcript, designate all or portions of the Testimony as containing Confidential Information by notifying the other party in writing of the specific pages and lines of the transcript containing Confidential Information. All depositions, regardless whether a designation of confidentiality was made on the record, will be treated as containing Confidential Information and subject to this Protective Order until (30) days after a transcript of the deposition is received. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, must identify the "Confidential" portions.

5. The inadvertent production by any party of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation will be without prejudice to any claim that the item is "Confidential" and the Party will not be held to have waived any rights by the inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" designation is inadvertently produced without the designation, the Party that inadvertently produced the document must give written notice of the inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of the Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information must promptly destroy the inadvertently produced

Document, Testimony, or Information and all copies of it, or, at the expense of the producing Party, return it together with all copies of the Document, Testimony, or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party must notify the producing Party in writing of the destruction within ten (10) days of receipt of written notice of the inadvertent production.

6. In the event that counsel for a Party receiving Documents, Testimony, or Information in discovery designated as "Confidential" objects to the designation with respect to any or all of designated items, objecting counsel will advise counsel for the Designating Party, in writing, of the objections, the specific Documents, Testimony, or Information to which each objection pertains, and the specific reasons and support for the objections (the "Designation Objections"). Counsel for the Designating Party will have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate the Documents, Testimony, or Information and/or (b) file a motion with the Judge seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Judge, any and all existing designations on the Documents, Testimony, or Information at issue in the Designation Motion will remain in place. The Designating Party has the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then the Documents, Testimony, or Information will be de-designated in accordance with the Designation Objection applicable to the material.

7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" will be permitted only to the following persons:

    a. the Magistrate Judge and Judge assigned to the proceeding;

b.      (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by the attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical, and secretarial staff employed by the counsel. Provided, however, that each non-lawyer given access to Confidential Materials will be advised that the Materials are being Disclosed under, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed in violation of its terms;

c.      those officers, directors, employees, and affiliates, including e-discovery vendors, of all non-designating Parties that counsel for the Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that before the Disclosure of Confidential Materials to any officer, director, employee, or affiliate, counsel for the Party making the Disclosure will deliver a copy of this Stipulation and Protective Order to the person, explain that such person is bound to follow the terms of the Order, and secure the signature of the person on a statement in the form attached as Exhibit A;

d.      court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

e.      any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that has had access to the Confidential Materials;

f.      outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that before the Disclosure of Confidential Materials to any expert or expert consultant, counsel for the Party making the Disclosure must deliver a copy of this Stipulation and Protective Order to the person, explain its terms to the person, and secure the signature of the person on a statement in

the form attached as Exhibit A. It will be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any expert or expert consultant, to promptly notify counsel for the Designating Party of the breach or threatened breach; and

  g. any other person that the Designating Party agrees to in writing.

  8. Confidential Materials may be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

  9. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

  10. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order will not:

  a. operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial, personal or Protected Health information; or

  b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

  i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

  ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

  11. Any Party to the Proceeding who has not executed this Stipulation and

Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy and filing it with the Court, and serving copies of the signed and dated copy upon the other Parties to this Stipulation and Protective Order.

12. Any Information that may be produced by a non-Party witness in discovery in the Proceeding in response to subpoena or otherwise may be designated by the non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any designation by a non-Party will have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties. Any such designation will also function as a consent by the producing Party to the authority of the Arbitrator in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to the designation, or any other matter otherwise arising under this Stipulation and Protective Order.

13. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena will promptly (but not later than 5 days before production is required) give notice of the Subpoena by electronic mail transmission, followed by either express mail or overnight delivery, to counsel of record for the Designating Party, and will furnish counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of the Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony, or Information in response to the Subpoena before the date specified for production on the Subpoena.

14. Nothing in this Stipulation and Protective Order may be construed to

preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties will meet and confer to agree upon the terms of any additional protection.

15. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure will bring all pertinent facts relating to the Disclosure of the Confidential Materials to the immediate attention of the Designating Party.

16. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party will advise that the designation no longer applies.

17. The Parties will meet and confer regarding the procedures for use of Confidential Materials at trial and will move the Court for entry of an appropriate order.

18. Nothing in this Stipulation and Protective Order affects the admissibility into evidence of Confidential Materials or abridges the rights of any person to seek appropriate action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

19. This Stipulation and Protective Order will continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order.

20. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties will have thirty (30) days

to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies of Confidential Materials (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Arbitrator), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of the Confidential Materials, or (c) as to any Documents, Testimony, or other Information not addressed by subparagraphs (a) and (b), file a motion seeking an Arbitrator order regarding proper preservation of the Materials. To the extent permitted by law the Court will retain continuing jurisdiction to review and rule upon the motion referred to in subparagraph (c).

21. After this Stipulation and Protective Order has been signed by counsel for all Parties, it will be presented to the Court for entry. Counsel agree to be bound by the terms of this Stipulation and Protective Order with regard to any Confidential Materials that have been or will be produced before the Arbitrator signs this Stipulation and Protective Order.

22. The Parties and all signatories to the Certification attached as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until the Court enters a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under these terms.

This Stipulation and Protective Order may be executed in counterparts. Scanned and faxed signatures have the same force and effect as originals.

DATED: July 2, 2018                LAW OFFICES OF HIRJI & CHAU, LLP

//s// *Rosa K. Hirji*
_____
ROSA HIRJI, ESQ.
Attorney for Plaintiffs

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing. (L.R. 5-4.3.4 (a)(2))

DATED: July 2, 2018                CARPENTER, ROTHANS & DUMONT

//s// *Katrina Valencia*
_____
KATRINA VALENCIA, ESQ.
Attorney for Defendants

## **ORDER**

**GOOD CAUSE APPEARING,** the Court approves and enters this Stipulation and Protective Order.

**IT IS SO ORDERED**.

Dated: July 16, 2018

*alicia G. Rosenberg*
_____
Hon. Alicia G. Rosenberg
United States Magistrate Judge

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, *Silva et. al. vs. Palmdale Schl. Dist. et. al.,* Case No.: LA CV17-03138 JAK (AGRx). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, may not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained under this Protective Order, except as provided in the Protective Order or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of the Materials are to remain in my personal custody until termination of my participation in this Proceeding, at which point the copies of such Materials will be returned to counsel who provided me with the Materials.

I declare under penalty of perjury, under the laws of the State of California, that these statements are true and correct. Executed this \_\_\_\_ day of \_\_\_\_, 2017, at _____.

DATED:_____  BY: _____
Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number